UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No. 24-CR-0464 (APM) |
| ANTHONY OLGUIN, : | |
| : | |
| *Defendant.* : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant Anthony Olguin ("Olguin"), by and through his undersigned counsel, respectfully submits his Memorandum in Aid of Sentencing. Mr. Olguin will come before the Court on January 30, 2026, for sentencing after having accepted responsibility for his actions and pleaded guilty to Count 1 of the Indictment. For the reasons set forth below, Mr. Olguin respectfully request that the Court sentence him to 120 months of incarceration concurrent to any other sentence with credit for time served.

**OBJECTIONS TO THE PRESENTENCE REPORT**

Mr. Olguin and counsel have reviewed the Presentence Investigation Report ("PSR") prepared by U.S. Probation Officer Gabriela Hernandez Ramirez and noted no objections to the report.

**STATUTORY AND GUIDELINE ANALYSIS**

The offense of conviction carries a mandatory minimum of 120 months, a maximum term of imprisonment of life in prison along with a minimum of 5 years of supervised released and a fine of up to $10,000,000.00.

The PSR calculated the Guidelines as follows:

a)   Base offense level - U.S.S.G. § 2D1.1                                                                 34

| | | |
|---|---|---:|
| b) | Adjustment for acceptance of responsibility | -3 |
| | **Total offense level** | **31** |

Mr. Olguin has three criminal history points and the PSR computes his criminal history at category II, placing him in a guideline sentencing range of 121 - 151 months.

## REQUEST FOR A CONCURRENT SENTENCE

### I.     Introduction

On February 14, 2024, the government filed an indictment in the Southern District of Iowa charging Mr. Olguin with a methamphetamine distribution conspiracy lasting from at least August 2020 to October 2021. The alleged conduct took place in the Southern District of Iowa and elsewhere. On February 26, 2025, Mr. Olguin pled guilty to the indictment and was sentenced on November 13, 2025, to 300 months of incarceration.

Mr. Olguin respectfully requests that this Honorable Court order any sentence imposed in this matter to run concurrently with the 300-month sentence he is currently serving in the Southern District of Iowa. The Court has clear statutory authority to do so, the Sentencing Guidelines support a concurrent sentence in circumstances such as these, and the sentencing factors under 18 U.S.C. § 3553(a) compel the conclusion that a consecutive sentence would be greater than necessary to accomplish the purposes of sentencing.

### II.    The Court Has Statutory Authority to Impose a Concurrent Sentence

When a defendant is already subject to an undischarged term of imprisonment, Congress has vested sentencing courts with discretion to impose a sentence that runs concurrently or consecutively. *See* 18 U.S.C. § 3584(a). In exercising that discretion, the Court "shall consider" the factors set forth in § 3553(a). *See* 18 U.S.C. § 3584(b).

Section 3584(b) requires an individualized assessment grounded in § 3553(a) when determining whether a sentence is concurrent or consecutive. The Supreme Court has likewise confirmed that federal district courts possess broad discretion to structure sentences in relation to other terms of imprisonment. *See Setser v. United States*, 566 U.S. 231, 236–37 (2012). Nothing in the statutes governing Mr. Olguin's offense requires a consecutive sentence.

### III. The Sentencing Guidelines Authorize a Concurrent Sentence Under U.S.S.G. § 5G1.3(d)

This case falls squarely within U.S.S.G. § 5G1.3(d), which governs all other circumstances involving an undischarged term of imprisonment. Section 5G1.3(d) authorizes the Court to impose a sentence that runs concurrently, partially concurrently, or consecutively "to achieve a reasonable punishment for the instant offense." The Court should consider the total length of imprisonment, the need to avoid unwarranted disparities, and whether additional punishment would meaningfully advance the purposes of sentencing.

Here, a fully concurrent sentence best achieves a reasonable punishment. Mr. Olguin is already serving a 25-year federal sentence, a term that independently satisfies the goals of punishment, deterrence, incapacitation, and public protection. Adding additional consecutive time would result in a sentence that far exceeds what is necessary to accomplish those goals.

### IV. The § 3553(a) Factors Strongly Favor a Concurrent Sentence

In imposing a sentence that is sufficient, but not greater than necessary, the court must look to the statutory factors listed in Section 3553(a). These factors include:

### 1. Nature and circumstances of the offense and history and characteristics of the defendant

The offense of conviction is serious and Mr. Olguin has recognized that fact by accepting responsibility, entering an early guilty plea and foregoing a trial in this case. He is 29-years-old, was born and raised in Southern California to the union of Diana Perez and Jose Olguin.  Although he grew up in a calm home environment, his early years were marked by his father's absence from the home due to his work.  Mr. Olguin's father worked many hours and would return home on a weekly basis.  Even if his father had been present, it is doubtful that he would have been a stabilizing presence in Mr. Olguin's life since the father was also involved in drug dealing.  Thus, Mr. Olguin did not have a stable father figure growing up and he struggled emotionally because of the lack of a relationship with his father.  Nevertheless, he does have close relationships with his mother and two sisters.

From 2014 to 2024, Mr. Olguin was in a committed relationship with Anais Guerra.  Their relationship resulted in two children, Maximiliano (age 7) and Xareni (age 5). Xareni suffers from Noonan Syndrome, a genetic disorder affecting development, causing distinctive facial features, short stature, heart defects, bleeding issues and developmental delays. Even though he has been incarcerated since September 2024, Mr. Olguin has maintained regular contact with his children.

He graduated from South El Monte High School in 2014 and attended college for approximately one year.  He is interested in vocational training for mechanical and welding trades while incarcerated.  Mr. Olguin has been regularly employed since 2017 and was employed as a truck driver at the time of his arrest.

Since his arrest for the instant case, he has expressed sincere remorse and maintained exemplary behavior while incarcerated. The letters in support of Mr. Olguin attest to the real person that he is:

- Daniel Perez, Mr. Olguin's uncle, describes him as "one fine and noble young man," who had "to grow up fast due to him becoming a dad at a young age." He also states that his kids "are his whole world and if you ever needed anything he would be the one to go to if you needed anything done or if you needed help …." Mr. Perez further states that Mr. Olguin was "always at home with his kids day and night and made sure they had his attention."

- George Perez, Mr. Olguin's uncle, states that he "has always put his kids first, always willing to help out …."

- Diana Perez, Mr. Olguin's mother describes him as a "loving father [to] two beautiful children," "a kind person who likes to help others." She further describes how his father was "hardly there for [him], which made it hard on Anthony." She finally describes how difficult Mr. Olguin's incarceration has been on his children.

- Maximiliano Olguin, Mr. Olguin's young son, writes that his dad is his hero and that Mr. Oguin would take him to school and to sports practice and how much he misses his dad.

- Cynthia Chaidez, Mr. Olguin's sister, describes him as "a person who is there when you need him, someone who helps pick you up when you fall, and a person who will stick up for you when no one else will." She further states that he "deeply regrets the choices he made that led him up to this moment."

- Kayla Olguin, Mr. Olguin's sister, describes him as a "kindhearted, respectful and dependable" person who is always there when she needs him. She further states that Mr.

   Olguin deeply regrets his actions and that she hears "his sadness through the phone as [she] knows he misses his kids and family."

- Julia Palomino, Mr. Oguin's friend, describes him as a "kind, respectful, and hardworking man who deeply values his family and his responsibilities as a father." She states that "his kids mean everything to him, and he has worked tirelessly to give them the love, stability, and support they deserve."

*See* Exh. 1.  Additionally, while incarcerated, Mr. Olguin has completed multiple courses designed to better himself and help him lead a law-abiding life.  *See* Exhibits 2 and 3.

### 2. Need for the sentence imposed

In addition to considering the above factors, the Court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." 18 U.S.C. § 3553(a), Section 3553(a)(2) states that such purposes are: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

### A. Seriousness of the offense, respect for the law, just punishment

Mr. Olguin has clearly demonstrated his respect for the law and the legal process. He agreed to plead guilty early on, sparing the Court and the government the need to have a trial.

A consecutive sentence in this case would not materially enhance deterrence or public safety. Instead, it would impose additional years of incarceration that serve no meaningful

6

penological purpose, resulting in a punishment greater than necessary to achieve the statutory goals.

A sentence of 120 months concurrent to the Iowa sentence requested by Mr. Olguin is more than sufficient to reflect the seriousness of his offense, promote respect for the law and to impose just punishment on Mr. Olguin.

### B & C.     Deterrence to criminal conduct and protection from further crimes

The parsimony clause of § 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary." Mr. Olguin is 29-years-old and his existing 300-month sentence already ensures that he will remain incarcerated into his fifties. The Iowa sentence reflects the seriousness of his drug-trafficking conduct and provides substantial deterrence and protection of the public.

### D.     Provide treatment and training

Mr. Olguin has abused marijuana since the age of sixteen. Prior to his arrest, he had never participated in substance abuse counseling, but while incarcerated in relation to the Iowa case, he did participate in weekly substance abuse education group in Polk County, Iowa. He suffers from depression as a result of his incarceration and separation from family. Mr. Olguin is amenable to participate in substance abuse and mental health counseling during his incarceration.

A sentence that is effectively stacked on top of an already lengthy term undermines any realistic prospect of rehabilitation or reentry planning. By contrast, a concurrent

7

sentence preserves incentives for participation in educational, vocational, and treatment programs, which ultimately serves the interests of both Mr. Olguin and the public.

### 3 & 4. Kinds of sentences available and the sentencing ranges established

Statutorily, the offense of conviction carries a mandatory minimum sentence of 120 months, a maximum period of imprisonment of life and a maximum $10,000,000 fine. If the Court accepts the PSR's guideline analysis and recommendation, Mr. Olguin would be facing a guideline sentencing range of 121 – 151 months.

### 5. Need to avoid sentencing disparities

Section 3553(a)(6) directs sentencing courts to avoid unwarranted sentencing disparities among similarly situated defendants. A consecutive sentence would result in Mr. Olguin receiving a dramatically longer aggregate sentence than defendants in related cases or similarly situated defendants prosecuted for comparable conduct—solely because his criminal conduct was prosecuted in two different districts.

A concurrent sentence is the appropriate means of preventing disproportionate punishment that arises from the happenstance of multi-district prosecutions rather than from differences in culpability.

### V. The Court Should Explicitly Order a Concurrent Sentence to Avoid Administrative Confusion

Absent a clear statement from the Court, the Bureau of Prisons lacks authority to treat sentences as concurrent or to credit time served. To ensure the sentence imposed reflects the Court's intent and is administered fairly, the judgment should explicitly state: "The sentence

imposed in this case shall run concurrently with the sentence imposed in *United States v. Anthony Olguin*, No. 24-CR-0017 in the Southern District of Iowa, including credit for time served on that sentence."

## OTHER FACTORS

### *Consideration of Credit for time served*

Title 18 U.S.C. § 3585(b) states that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences – (1) *as a result of the offense for which the sentence was imposed*; …" Therefore, Mr. Olguin respectfully requests that the Court apply credit for the entire time that he was in custody since June 25, 2025.

### *BOP Designation*

Mr. Olguin respectfully requests that the Court recommend that the BOP designate him to a facility in Southern California, where he can be close to family during his incarceration.

## CONCLUSION

Although the conduct underlying the Iowa conviction does not constitute relevant conduct in this case, the Court retains broad discretion under 18 U.S.C. § 3584, U.S.S.G. § 5G1.3(d), and § 3553(a) to impose a concurrent sentence. Given the extraordinary length of the existing sentence and the limited marginal benefit of additional consecutive time, a concurrent sentence is the only outcome that is fair, proportionate, and consistent with the purposes of sentencing.

For these reasons, Mr. Olguin respectfully requests that the Court sentence him to 120 months to run concurrently with his existing federal sentence. In light of 18 U.S.C. § 3553(a) such a sentence is reasonable and sufficient.

Dated: Washington, DC
January 21, 2026

Respectfully submitted,

**BALAREZO LAW**

By: /s/ A. Eduardo Balarezo
A. Eduardo Balarezo
DC Bar # 462659
400 Seventh Street, NW
Suite 306
Washington, DC  20004
Tel. (202) 639-0999
Fax. (202) 639-0899
E-mail: aeb@balarezolaw.com

*Counsel for Anthony Olguin*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of January 2026, I caused a true and correct copy of the foregoing Defendant's Memorandum In Aid of Sentencing to be delivered via ECF to the Parties in this case.

/s/ A. Eduardo Balarezo
A. Eduardo Balarezo